### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | | |
|---|---|---|
| ERLENA SELLERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:22-cv-00054 |
| | ) | |
| THE BETHANY CIRCLE OF KING'S | ) | |
| DAUGHTERS' OF MADISON, | ) | |
| INDIANA, INC. d/b/a NORTON - KING'S | ) | |
| DAUGHTERS' HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Erlena Sellers ("Sellers"), by counsel, files this Complaint and Demand for Jury Trial against her former employer, The Bethany Circle of King's Daughters' of Madison, Indiana, Inc., d/b/a Norton King's Daughters' Health, Inc. ("KDH") pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

## I.  PARTIES, VENUE, AND JURISDICTION

1.  Sellers is a citizen of Indiana and resident of Commiskey, Indiana.

2.  KDH is a non-profit domestic corporation organized and incorporated under the laws of Indiana with its principal place of business located in Louisville, Kentucky.

3.  At all times relevant herein, KDH was an "employer" as defined under the the Family and Medical Leave Act, 29 U.S.C. § 2611(4)(A).

4.  At all times relevant herein, Sellers was an "employee" of KDH as defined by the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(A).

5.  This Court has personal jurisdiction over Plaintiff and Defendant and venue is proper in this Court.

1

6. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, in that the claims arise under the laws of the United States, and particularly the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2611 et seq.

7. Venue is proper pursuant to 28 U.S.C. § 1391, in that KDH is subject to personal jurisdiction in the New Albany Division of the Southern District of Indiana, KDH regularly conducts business activities within the New Albany Division of the Southern District of Indiana, and a substantial part of the events giving rise to the claims occurred in the New Albany Division of the Southern District of Indiana.

## II.      FACTUAL ALLEGATIONS

8. Sellers incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

9. Sellers became an employee of KDH in 1988 and worked continuously for KDH in roles of increasing responsibility for more than three decades.

10. KDH terminated Sellers' employment without cause or notice during a telephone call on June 17, 2021.

11. Sellers was employed as an Intensive Care Unit nurse at the time of her termination.

12. Sellers held numerous roles over the course of her employment by KDH including Certified Nurse Assistant, Licensed Practical Nurse, Registered Nurse, Shift Coordinator, and Charge Nurse.

13. Beginning in 2018, Sellers began experiencing health issues, including loss of balance, gait disturbance, and extreme fatigue.

14. In approximately January 2021 an MRI revealed brain lesions on Sellers' brain consistent with Multiple Sclerosis ("MS").

15.    After discovering the lesions, Sellers filed for leave under the FMLA on February 18, 2021.

16.    On March 1, 2021, Sellers received written confirmation that KDH approved Sellers' FMLA leave from February 8, 2021, until July 7, 2021.

17.    On April 26, 2021, Sellers was diagnosed with Primary Progressive MS.

18.    On May 7, 2021, KDH informed Sellers that after ninety days of FMLA leave, she would be eligible for long term disability ("LTD") through KDH.

19.    On May 24, 2021, KDH Human Resources employee Madalyn Waller informed Sellers that her LTD "should be activ[e]."

20.    On June 8, 2021, KDH Director of Human Resources, Susan Poling ("Poling"), and Director of Nursing, Jennifer Liter ("Liter"), contacted Sellers and requested an exact date for her return to work.

21.    Sellers responded that she would be unable to give an exact return to work date until meeting with a neurologist on June 30, 2021.

22.    On June 17, 2021, Poling and Liter contacted Sellers by telephone and terminated her employment with KDH.

23.    Poling and Liter informed Sellers' that there had been a mistake with her FMLA leave and that KDH gave Sellers the wrong approval dates.

24.    Poling and Liter informed Sellers that because of the mistake, she had been absent from work past her authorized FMLA leave period.

25.    Sellers' termination became effective June 18, 2021, and her health insurance benefits terminated on June 30, 2021.

26.     KDH has provided no viable reason for Sellers' termination other than her use of approved FMLA leave.

27.     Because of KDH's decision to terminate Sellers, Sellers was delayed in receiving her LTD benefits and Sellers lost her employer provided health insurance coverage.

28.     Because of KDH's decision to terminate Sellers, Sellers was forced to deplete her personal liquid savings to pay for healthcare services and other expenses that would have been covered had she not been terminated.

29.     Because of KDH's decision to terminate Sellers, Sellers was forced to access her retirement savings and pay a high tax penalty for the premature distribution in order to pay for living and other expenses.

30.     Because of KDH's decision to terminate Sellers, Sellers was placed in a distressing financial situation in the midst of a serious medical condition.

### III.     LEGAL ALLEGATIONS

#### Count I:     Family Medical Leave Act - Interference

31.     Sellers incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

32.     As a KDH employee, Sellers was eligible for FMLA leave.

33.     KDH is an employer covered by the FMLA.

34.     Because of her serious health condition, Sellers was entitled to take FMLA leave.

35.     Sellers properly filed for FMLA leave on February 18, 2021, and completed all necessary paperwork, thereby providing KDH with sufficient notice of her intent to take leave.

36.     On March 1, 2021, Sellers received written notification that her FMLA leave request was granted and her FMLA leave was approved from February 8, 2021, until July 7, 2021.

37.     Sellers used her FMLA leave to attend medical appointments and obtain treatment for MS.

38.     KDH provided Sellers with written confirmation of approved FMLA leave until July 7, 2021.

39.     Sellers relied on the information provided by KDH in structuring her FMLA leave.

40.     Sellers would have structured her leave differently had she received different FMLA approval information from KDH.

41.     Sellers would have filed for LTD sooner, if she had known that KDH would terminate her FMLA leave earlier than KDH's promised end date.

42.     By providing incorrect information to Sellers about the duration of her FMLA leave, KDH denied sellers the FMLA benefits to which she was entitled and interfered with her federal rights under 29 U.S.C. § 2611 et seq.

43.     Sellers has been damaged by KDH's interference.

44.     Sellers suffered damages in the form of lost wages, compensation, and benefits.

### Count II:       Family Medical Leave Act – Retaliation

45.     Sellers incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

46.     Sellers engaged in a protected activity by taking FMLA leave to which she was entitled.

47.     Sellers suffered an adverse employment action when KDH terminated her employment while she was on protected and approved FMLA leave.

48.     Shortly after KDH asked Sellers for a return to work date from FMLA leave, KDH terminated Sellers.

49.     Upon all information and belief, KDH terminated Sellers' employment because she was taking protected FMLA leave.

50.     Sellers has been damaged by KDH's retaliation.

51.     Sellers suffered damages in the form of lost wages, compensation, and benefits.

### IV.     RELIEF REQUESTED

Sellers requests the following relief:

a.      All wages and other economic benefits lost as a result of Defendant's unlawful actions, including, but not limited to, back pay, front pay, and loss of future earning capacity;

b.      Compensatory damages;

c.      Liquidated damages;

d.      Punitive damages;

f.      All costs and reasonable attorney fees incurred in litigating this action;

g.      Pre-judgment and post-judgment interest; and

h.      Any and all other legal and/or equitable relief to which Sellers is entitled.

Dated: April 11, 2022                        Respectfully submitted,

                                             */s/ Kathleen A. DeLaney*
                                             Kathleen A. DeLaney (#18604-49)
                                             DELANEY & DELANEY LLC
                                             3646 Washington Blvd.
                                             Indianapolis, IN 46205

## **JURY DEMAND**

Plaintiff, Erlena Sellers, by counsel, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205